**John ORLANDO, Plaintiff,**

v.

**PUGET SOUND TUG & BARGE CO., Defendant.**

**No. C79–669B.**

United States District Court, W. D. Washington.

Nov. 20, 1980.

Harold Thoreen of Haugen & Thoreen, Seattle, Wash., for plaintiff.

Patrick E. Pressentin of Detels, Draper & Marinkovich, Seattle, Wash., for defendant.

## MEMORANDUM OF DECISION

BEEKS, District Judge.

In this action plaintiff, John Orlando, seeks recovery for damage to his gill net allegedly caused by the negligence of defendant, Puget Sound Tug & Barge Co. Orlando is the owner of the F/V LYNN DEE. On or about September 25, 1979, the vessel was chartered to Kenneth R. Schultz who, at the time, was engaged in fishing for salmon.

Schultz set his gill net at about 2230 hours approximately two miles north of Meadow Point which is located on the east side of Puget Sound within the limits of the City of Seattle. The LYNN DEE was headed in a westerly direction and was, together with a substantial portion of its 1800 foot net, within the outbound Puget Sound Vessel Traffic Service (VTS) lane.

At about midnight the LYNN DEE's engine failed to start and, due to the disability, the net could not be retracted to the vessel. The F/V SCORPION went to the assistance of LYNN DEE some time later and made fast alongside while attempts to start the engine were made. A dense fog set in around this time.

Later, at about 0300, defendant's tug JODI R was proceeding north in the outbound VTS lane when it struck plaintiff's gill net which was still deployed. At this time, the tug, which was towing a large partially loaded oil barge, was moving at dead slow speed and was sounding the fog signals required by the Inland Rule, 33 U.S.C. § 191 (1977) (one long blast followed by two short blasts). LYNN DEE was still disabled and alongside SCORPION when the net was struck.

■ Plaintiff has failed to establish that defendant was negligent in any respect that contributed to the casualty. I find that JODI R was proceeding with requisite care at a reasonable speed under the circumstances and was within the VTS lane at the time the net was struck. Credible testimony establishes that a proper lookout was positioned on the JODI R and that the horn signals required by the Inland Rules were sounded.

■ Nevertheless, the well-settled rule of *The Pennsylvania*, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148 (1874), shifts the burden to the defendant where, as here, a safety rule has been violated. The Puget Sound Gillnet Rules, 33 C.F.R. § 206.93, provide as follows:

(2) A tug with tow, whose intended course will take it through waters occupied by gill net gear, shall sound one long blast, followed by one short blast of a whistle or horn, and *during darkness or fog* shall, in addition, *indicate its intended course by directing a searchlight beam on such course.* Gill net fishermen operating within the intended course of the tug shall draw in their gear or otherwise maneuver to permit passage of the tug and its tow without hindrance or unreasonable delay. (Emphasis added)

33 C.F.R. § 206.93(2). A searchlight was never directed on the tug's intended course, and a signal of one long blast followed by one short blast was never sounded. Fault presumptively exists under *The Pennsylvania* rule in such a situation. I find, however, that said violations were not and could not have been a cause of plaintiff's alleged damage. Accordingly, defendant has no liability to plaintiff and the action is dismissed with costs in favor of defendant. *See The Denali*, 112 F.2d 952 (9th Cir. 1940) (if presumed fault *could not* have been a cause of the collision there is no liability).

This memorandum of decision shall constitute the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.